IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 25-cr-00075-NYW

UNITED STATES OF AMERICA,

      Plaintiff,

v.

LUCY GRACE NELSON,

      Defendant.

**UNOPPOSED MOTION TO EXCLUDE TIME
FROM THE REQUIREMENTS OF THE SPEEDY TRIAL ACT**

      Ms. Lucy Grace Nelson (hereafter "Ms. Nelson"), by and through her counsel, Assistant Federal Public Defender Mary V. Butterton, hereby moves this Court for an Order to exclude 90 days from the Speedy Trial Act computations and reset the currently-set deadlines and trial dates. In support thereof, she states as follows:

### PROCEDURAL HISTORY

      1.    On February 26, 2025, Ms. Nelson was charged by complaint with a violation of 18 U.S.C. § 844(i), Malicious Destruction of Property. Doc. 1. Ms. Nelson was arrested on that complaint on February 27, 2025, but was released on conditions on March 4, 2025. Docs. 3, 13-14.

      2.    On March 5, 2025, the Government indicted Ms. Nelson, charging two counts of Possession of an Unregistered Firearm (Destructive Device) in violation of 26 U.S.C. § 5861(d) and 5871, and one count of Attempted Malicious Destruction of Property in violation of 18 U.S.C. § 844(i). Doc. 15. The last count carries a mandatory minimum sentence of five years of

imprisonment upon conviction; Ms. Nelson has entered pleas of not guilty as to each count. Doc. 20.

3.  On March 14, 2025, this Court set a motions deadline of March 27, 2025, and a jury trial to begin on May 5, 2025. Doc. 22.

4.  Undersigned counsel received an initial discovery disclosure on Tuesday, March 25. This disclosure includes approximately 550 pages of documents; however, discovery is not yet complete. The initial discovery disclosure indicates that the Government has additional investigation ongoing, including cell phone and forensic testing; the timeline for that additional discovery disclosure has not yet been provided.

## LAW REGARDING REQUESTS FOR CONTINUANCES

5.  This Court is authorized under 18 U.S.C. § 3161(h)(7) to exclude from the time limitations set forth in the Speedy Trial Act any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial. One factor for the Court to consider in granting this delay is "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(i). An additional factor, set forth in 18 U.S.C. § 3161(h)(7)(B)(iv), is whether failure to grant such a continuance "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." In evaluating a request for an ends of justice continuance, "the record must clearly establish the district court considered the proper factors at the time such a continuance was granted." *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Gonzales*, 137 F.3d 1431, 1433 (10th Cir. 1998)). The record must contain an explanation for why the occurrence of the event identified by the moving party as necessitating the continuance

results in the need for additional time. *See id.* at 1271. Simply stating the event followed by a conclusory statement that the event necessitates further time does not satisfy the requirements of the Speedy Trial Act. *See id.* at 1271-72.

6.	In *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987), the Tenth Circuit set forth four factors a court should consider when evaluating if a continuance should be granted: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance.

**ARGUMENT**

7.	Defense counsel's request for a continuance in this case satisfies the criteria set forth in 18 U.S.C. § 3161(h)(7).

8.	The ends of justice served by this requested delay outweigh the best interest of the public and the defendant. First, proceeding within the current time requirements would deny counsel for Ms. Nelson the reasonable time necessary for effective preparation. Counsel has not yet begun initial discovery review, as discovery has just been disclosed. Review of the anticipated discovery – and any follow up investigation – cannot be completed by the March 27, 2025, motions-filing deadline.

9.	Defense counsel's request for a continuance in this case also satisfies the factors set forth in *United States v. West*.

10.	First, counsel has been diligent in the timeliness of this request. Defense counsel has begun legal research and preparation for the legal issues in this case, and is awaiting full

discovery disclosure; however, counsel has shown diligence by making this request before the motions filing deadline and well before the scheduled jury trial.

11. Second, it is very likely that this continuance would accomplish the underlying purpose of this request. Excluding 90 days from the requirements of the Speedy Trial Act will allow defense counsel the time to fully review the discovery and also evaluate that discovery for potential pre-trial motion issues and the need for further investigation. This type of thorough evaluation is necessary to advise the defendant as to her options and potential strategies for defense. This 90-day continuance would allow defense counsel time to have multiple visits with her client (who resides approximately one hour by car from counsel's office), investigate the factual underlay of the case, and order relevant court records to fully advise Ms. Nelson as to her potential sentencing guideline range, all of which are necessary to providing the defendant with full and effective assistance of counsel.

12. Third, this request will not inconvenience the opposing party or its witnesses. Assistant U.S. Attorney Cassandra Wiemken has indicated that she does not oppose this motion and has no known issues with witness availability or scheduling.

13. The final *West* factor is the need asserted for the continuance and the harm that the defendant might suffer as a result of a denial. The need for the continuance is described throughout this motion. Without the requested continuance the defense will be unable to adequately prepare the case, conduct a complete investigation, or file appropriate motions (if necessary). Without the exclusion of a period of time from the speedy trial calculations, defense counsel will be unable to provide effective assistance of counsel and the defendant's right to be effectively represented in these proceedings will be seriously damaged.

CONCLUSION

Wherefore, Ms. Lucy Nelson, through her counsel, respectfully requests this Court for an Order vacating all current deadlines and trial date and excluding 90 days from the Speedy Trial Act computations, as authorized by 18 U.S.C. § 3161(h)(7).

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/ Mary V. Butterton
MARY V. BUTTERTON
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Mary_Butterton@fd.org
Attorney for Defendant

**CERTIFICATE OF SERVICE**

  I hereby certify that on March 26, 2025, I filed the foregoing ***UNOPPOSED MOTION TO EXCLUDE TIME FROM THE REQUIREMENTS OF THE SPEEDY TRIAL ACT*** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following email address:

  Cassandra J. Wiemken, Assistant United States Attorney
  Email: Cassandra.wiemken@usdoj.gov

  I hereby certify that I have mailed or served the document or paper to the following participant in the manner (mail, hand-delivery, etc.) indicated next to the participant's name:

  Lucy Grace Nelson (via U.S. mail)

            s/ Mary V. Butterton
            MARY V. BUTTERTON
            Assistant Federal Public Defender
            633 17th Street, Suite 1000
            Denver, CO  80202
            Telephone:  (303) 294-7002
            FAX:  (303) 294-1192
            Mary_Butterton@fd.org
            Attorney for Defendant