IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 25-cr-00075-NYW

UNITED STATES OF AMERICA,

        Plaintiff,

v.

LUCY GRACE NELSON,

        Defendant.

## THIRD UNOPPOSED MOTION TO EXCLUDE TIME FROM THE REQUIREMENTS OF THE SPEEDY TRIAL ACT

        Ms. Lucy Grace Nelson (hereafter "Ms. Nelson"), by and through her counsel, Assistant Federal Public Defender Mary V. Butterton, hereby moves this Court for an Order to exclude an additional 90 days from the Speedy Trial Act computations and reset the currently-set deadlines and trial dates. In support thereof, she states as follows:

### PROCEDURAL HISTORY

        1.      On February 26, 2025, Ms. Nelson was charged by complaint with a violation of 18 U.S.C. § 844(i), Malicious Destruction of Property. Doc. 1. Ms. Nelson was arrested on that complaint on February 27, 2025, but was released on conditions on March 4, 2025. Docs. 3, 13-14.

        2.      On March 5, 2025, the Government indicted Ms. Nelson, charging two counts of Possession of an Unregistered Firearm (Destructive Device) in violation of 26 U.S.C. § 5861(d) and 5871, and one count of Attempted Malicious Destruction of Property in violation of 18 U.S.C. § 844(i). Doc. 15. The last count carries a mandatory minimum sentence of five years of

imprisonment upon conviction; Ms. Nelson has entered pleas of not guilty as to each count. Doc. 20.

3. A jury trial in this matter was initially scheduled for May 2025. Doc. 22. Ms. Nelson has filed two prior unopposed motions to exclude time from the requirements of the Speedy Trial Act. Docs. 23, 26. Both were granted; currently, the motions filing deadline is October 17, 2025, with a jury trial scheduled for December 8, 2025. Doc. 27.

4. The Government has continued to disclose discovery in this matter, most recently on September 26, 2025. In response to Ms. Nelson's requests for missing discovery items, the Government redisclosed the entire universe of discovery, including items already disclosed, in two batches. These two batches were disclosed as two bates-stamped folders, but the items within those folders are not bates-stamped. The first folder is 152 gigabytes in size, containing 234 media files which add up to more than 65 hours of media material. The second folder is 234 gigabytes in size, containing 1559 images and 194 media files, which sum to approximately 85 hours of media material. No index was provided for this latest disclosure.

5. Undersigned counsel and her team are working diligently to parse through this new disclosure to determine what is duplicative to prior disclosures and what is new. However, without the assistance of bates-stamped labeling or an index, this task has taken – and will continue to take – many hours.

6. Finally, Ms. Nelson continues to gather materials and information to work toward a potential resolution of this matter short of trial. However, undersigned counsel has been informed that all negotiations and relevant mitigation materials must be directed to U.S. Department of Justice (DOJ) officials in Washington, D.C., rather than to local Government counsel. Accordingly, Ms. Nelson and her team require additional time to prepare formal materials for

discussion with DOJ officials outside of the usual local negotiation process.

## LAW REGARDING REQUESTS FOR CONTINUANCES

7.  This Court is authorized under 18 U.S.C. § 3161(h)(7) to exclude from the time limitations set forth in the Speedy Trial Act any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial. One factor for the Court to consider in granting this delay is "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(i). An additional factor, set forth in 18 U.S.C. § 3161(h)(7)(B)(iv), is whether failure to grant such a continuance "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." In evaluating a request for an ends of justice continuance, "the record must clearly establish the district court considered the proper factors at the time such a continuance was granted." *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Gonzales*, 137 F.3d 1431, 1433 (10th Cir. 1998)). The record must contain an explanation for why the occurrence of the event identified by the moving party as necessitating the continuance results in the need for additional time. *See id.* at 1271. Simply stating the event followed by a conclusory statement that the event necessitates further time does not satisfy the requirements of the Speedy Trial Act. *See id.* at 1271-72.

8.  In *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987), the Tenth Circuit set forth four factors a court should consider when evaluating if a continuance should be granted: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance,

3

and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance.

## ARGUMENT

9. Defense counsel's request for a continuance in this case satisfies the criteria set forth in 18 U.S.C. § 3161(h)(7).

10. The ends of justice served by this requested delay outweigh the best interest of the public and the defendant. First, proceeding within the current time requirements would deny counsel for Ms. Nelson the reasonable time necessary for effective preparation. Counsel has only recently received another enormous discovery production that includes more than 150 hours of video and related documents. While full review of every video may not be necessary, as much of the material is duplicative to prior disclosures, review to determine the duplicity of materials will take weeks. This review cannot be completed by the October 17, 2025, motions-filing deadline.

11. Defense counsel's request for a continuance in this case also satisfies the factors set forth in *United States v. West*.

12. First, counsel has been diligent in the timeliness of this request. Defense counsel has continuously reviewed discovery as it has been disclosed. Counsel continues to meet regularly with her client, and has shown diligence by making this request before the motions filing deadline and well before the scheduled jury trial.

13. Second, it is very likely that this continuance would accomplish the underlying purpose of this request. Excluding an additional 90 days from the requirements of the Speedy Trial Act will allow defense counsel the time to fully review the discovery and also evaluate that discovery for potential pre-trial motion issues and the need for further investigation. This type of thorough evaluation is necessary to advise the defendant as to her options and potential strategies

for defense. This 90-day continuance would allow defense counsel time to have multiple visits with her client (who resides approximately one hour by car from counsel's office), investigate the factual underlay of the case, and order relevant court records to fully advise Ms. Nelson as to her potential sentencing guideline range, all of which are necessary to providing the defendant with full and effective assistance of counsel.

14. Third, this request will not inconvenience the opposing party or its witnesses. Assistant U.S. Attorney Cassandra Wiemken has indicated that she does not oppose this motion and has no known issues with witness availability or scheduling.

15. The final *West* factor is the need asserted for the continuance and the harm that the defendant might suffer as a result of a denial. The need for the continuance is described throughout this motion. Without the requested continuance the defense will be unable to adequately prepare the case, conduct a complete investigation, or file appropriate motions (if necessary). Without the exclusion of a period of time from the speedy trial calculations, defense counsel will be unable to provide effective assistance of counsel and the defendant's right to be effectively represented in these proceedings will be seriously damaged.

CONCLUSION

Wherefore, Ms. Lucy Nelson, through her counsel, respectfully requests this Court for an Order vacating all current deadlines and trial date and excluding an additional 90 days from the Speedy Trial Act computations, as authorized by 18 U.S.C. § 3161(h)(7).

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/ Mary V. Butterton
MARY V. BUTTERTON
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Mary_Butterton@fd.org
Attorney for Defendant

## CERTIFICATE OF SERVICE

      I hereby certify that on October 8, 2025, I filed the foregoing ***Third Unopposed Motion to Exclude Time From the Requirements of the Speedy Trial Act*** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following email address:

Cassandra J. Wiemken, Assistant United States Attorney
Email: Cassandra.wiemken@usdoj.gov

      I hereby certify that I have mailed or served the document or paper to the following participant in the manner (mail, hand-delivery, etc.) indicated next to the participant's name:

Lucy Grace Nelson (via U.S. mail)

                                               s/ Mary V. Butterton
                                               MARY V. BUTTERTON
                                               Assistant Federal Public Defender
                                               633 17th Street, Suite 1000
                                               Denver, CO 80202
                                               Telephone: (303) 294-7002
                                               FAX: (303) 294-1192
                                               Mary_Butterton@fd.org
                                               Attorney for Defendant